UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-00027-JMS-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BOBBY JOE POKE, JR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-00027-JMS-MJD |
| | ) | |
| BOBBY JOE POKE, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Bobby Joe Poke, Jr., seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Poke's motion is **denied**.

**I. Background**

In 2005, Mr. Poke pled guilty to one count of distribution of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) (count 1); one count of possession with intent to distribute 500 grams or more of mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (count 2); and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 3). Dkts. 1, 17. During the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Poke had previously been convicted of a felony drug offense, thus triggering enhanced penalties. Dkt. 1. According to Mr. Poke, he was facing a sentencing guideline range of 292-365 months of imprisonment. Dkt. 31 at 4. The Court ultimately sentenced Mr. Poke to concurrent 250 months of imprisonment on counts 1 and 2 and a consecutive 60 months of imprisonment on count 3, for

a total of 310 months of imprisonment. Dkt. 1. The Court also imposed a 10-year term of supervised release.

Mr. Poke initially filed his motion for compassionate release pro se. Dkt. 21. The Court appointed counsel, and counsel filed a brief in support of Mr. Poke's motion. Dkt. 31. In his submissions, Mr. Poke argues that he establishes extraordinary and compelling reasons for compassionate release because (1) pursuant to the First Step Act, Mr. Poke would no longer be eligible for a 21 U.S.C. § 851(a)(1) sentencing enhancement, which exposed him to a 20-year mandatory minimum[1] at the time he entered into a plea agreement; and (2) in light of the 2016 amendments to the United States Sentencing Guidelines, Mr. Poke should no longer be classified as a career offender based on his prior convictions. The United States filed an opposition brief, dkt. 35, and Mr. Poke did not file a reply. The Court thereafter entered an order requiring Mr. Poke to show cause why the Court should not deny his motion based on the recent Seventh Circuit case, *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). Dkt. 38. Mr. Poke filed a response, arguing that the Court should decline to extend the holding of *Thacker* to his argument regarding sentencing disparities; that due to post-sentencing developments in caselaw, his prior conviction would no longer qualify to enhance his sentence under § 851; and that Mr. Poke's significant rehabilitation, strong release plan, term of supervised release together with this unduly long sentence establish extraordinary and compelling reasons for his early release. Dkt. 46. Thus, the motion is now ripe.

---

[1] Mr. Poke initially argued that he was facing a mandatory life sentence, dkt. 31 at 3, but he amended this argument in subsequent briefing to acknowledge that because only one prior conviction was identified in the § 851 Information, he was facing a 20-year mandatory minimum at the time he pled guilty. Dkt. 46 at 2.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

None of Mr. Poke's reasons for requesting compassionate release are persuasive. "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. *United States v. King*, No. 21-3196, __ F. 4th __, 2022 WL 2663277, at *1 (7th Cir. July 11, 2022) (cleaned up); *see also United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a defendant must raise any challenge to his original sentence in

a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion).

In addition, as Mr. Poke himself acknowledges, rehabilitation alone is not an extraordinary and compelling reasons to grant compassionate release. *See* 28 U.S.C. § 994(t). While the strides Mr. Poke has made in prison are admirable, his rehabilitation, whether considered alone or together with other factors, is not an extraordinary and compelling reason to reduce his sentence.

Given the determination that Mr. Poke has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Poke's motion for compassionate release, dkt. [21], is **denied.**

**IT IS SO ORDERED.**

Date: 8/2/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel