UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BOBBY JOE POKE | Case No. 1:04-cr-00027-JMS-MJD-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:04-cr-00027-JMS-MJD |
| BOBBY JOE POKE, | ) ) -1 |
| Defendant. | ) ) ) |

**ORDER**

Defendant Bobby Joe Poke has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 51. For the reasons explained below, his motion is **DENIED**.

## I.
### BACKGROUND

In 2005, Mr. Poke pled guilty to one count of distribution of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) (count 1); one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (count 2); and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 3). Dkts. 1, 17.

During the course of the prosecution, the United States filed an Information under 21 U.S.C. § 851 alleging that Mr. Poke had previously been convicted of a felony drug offense, thus triggering a mandatory minimum penalty enhancement from 10 to 20 years. Dkt. 1. Mr. Poke faced a sentencing guideline range of 292 to 365 months of imprisonment based, in part, on his status as a career offender which enhanced his advisory sentence under the United States Sentencing

2

Guidelines. Dkt. 31 at 3-4. The Court ultimately sentenced Mr. Poke to 250 months of imprisonment on counts 1 and 2 each served concurrently and a consecutive 60 months of imprisonment on count 3, for a total of 310 months of imprisonment. Dkt. 1 at 6. The Court also imposed a 10-year term of supervised release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Poke's anticipated release date (with good-conduct time included) as October 4, 2026. https://www.bop.gov/inmateloc/ (last visited March 5, 2024).

Mr. Poke has filed a Motion for Compassionate Release *pro se*. Dkt. 51. He argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has produced a gross disparity between the sentence he is currently serving and the sentence he would likely receive today; (2) the COVID-19 pandemic has rendered him vulnerable to serious consequences if he were to contract the virus given his medical issues and has created harsh living conditions in the BOP; and (3) he has undergone substantial rehabilitation while incarcerated. Dkt. 51 at 21-22. The Government has filed an opposition to the motion, in which it argues that Mr. Poke failed to administratively exhaust his remedies as required under the First Step Act, that Mr. Poke has not established an extraordinary and compelling reason for his release, and that the sentencing factors under 18 U.S.C. § 3553 weigh against his release. Dkt. 54. Mr. Poke filed a reply, dkt. 59, and the motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have

3

broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

**A. Exhaustion**

Mr. Poke filed a request for compassionate release to the Warden of his facility in January 2022, asking for compassionate release. Dkt. 51-1 at 31. In his request, he argued that there were four extraordinary and compelling reasons for his release:

> (1) if sentenced today [he] would not be subject to enhance[d] sentencing under § 851, (2) the sentence in [his] case is unusually long and overly harsh, (3) [his] record of rehabilitation, and (4) the living conditions [he has] been under since COVID-19, and the dangers associated with COVID given his medical issues.

*Id.*

In its response, the Government affirmatively invokes the defense of failure to exhaust administrative remedies. Dkt. 54 at 15. It argues that Mr. Poke failed to specifically rely upon United States Sentencing Guidelines § 1B1.13(b)(6) – the subsection he now asks the Court to base a finding of an extraordinary and compelling reason for his release on – in his petition and to list the specific medical conditions from which he suffers. *Id.* The Government contends this failure precludes him from arguing that § 1B1.13(b)(6) and these medical issues constitute extraordinary and compelling reasons for release. *Id.* at 16.

4

Mr. Poke replies that he properly exhausted his administrative remedies and that he need not provide any greater specificity in his petition to the Warden in order to comply with the First Step Act. Dkt. 59 at 2.

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). A primary purpose of the exhaustion requirement is to provide notice to the Warden of the defendant's claims. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (evaluating an exhaustion defense in a § 1983 claim) ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

In *United States v. Shelton*, the Court denied a compassionate petition based on the defendant's failure to exhaust administrative remedies. *United States v. Shelton*, 2023 WL 8702263, at *3 (S.D. Ind. Dec. 15, 2023). The petitioner had asked the Warden of his facility for release based on a single medical condition, but, in his motion to the court, claimed several medical conditions require him to receive long-term, specialized medical care. *Id.* at *2–3. The Court held that "[t]here is little similarity between an argument that a single condition is debilitating and an

5

argument that several conditions render him in need of specialized care," and that because the latter argument was not brought before the Warden, the defendant was precluded from bringing the argument before the Court. *Id.* at *3

Here, Mr. Poke did properly bring to the attention of the Warden that he has general medical issues that render him vulnerable to COVID-19 infection though he now specifies several conditions which specifically render him vulnerable. In contrast with the defendant in *Shelton*, who turned the Warden's attention to a single medical issue, Mr. Poke gave notice to the Warden that his claim was based on his overall physical condition. Enough information was provided to the Warden that Mr. Poke's claim could be evaluated by obtaining and reviewing his medical file. Unlike in *Shelton*, the Warden was not directed to one condition and was instead informed that review of the entirety of his medical conditions was required to evaluate the claim. This notice permitted the Warden sufficient information and opportunity to address these arguments for release which are now brought before the Court. Accordingly, the Court finds that Mr. Poke sufficiently exhausted his administrative remedies with regard to his medical vulnerability to COVID-19.

With regard to the Government's argument that Mr. Poke did not properly invoke § 1B1.13(b)(6) in his petition, the Court disagrees. § 1B1.13(b)(6) permits a court to find an extraordinary and compelling reason for release where a defendant is serving an "unusually long sentence" and a change in the law has resulted in a gross disparity between the sentence the defendant is serving and the sentence he would receive today (among other criteria). Mr. Poke specified a change in the law that he alleges would result in a lower sentence for him and states that his sentence is "unusually long." Mr. Poke invoked both the language and the substance of § 1B1.13(b)(6) and he is not required to specify that he meets each and every single element or list

the particular guidelines sentence provision under which he requests release. The information provided to the Warden was sufficient for the Warden to understand the basis for his petition and make a reasoned judgment regarding it. The Court finds that Mr. Poke properly exhausted his administrative remedies regarding an unusually long sentence and will consider Mr. Poke's argument that he falls under § 1B1.13(b)(6).

### B. Extraordinary and Compelling Reason for Release

Mr. Poke contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that following *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), and its progeny, the Government could no longer rely on Mr. Poke's prior conviction for Possession with Intent to Distribute Cocaine in Illinois to enhance his mandatory minimum to 20 years. Dkt. 51 at 6-7. He argues that his mandatory minimum sentence would be much lower today. *Id.*

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely

7

>  on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited March 12, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

>  If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing

Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Poke's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Poke has not pointed to any change in the law that has created a gross disparity between the sentence he is serving and the sentence he would likely receive today.

Mr. Poke contends only that his mandatory minimum sentence was raised due to the § 851 notice filed by the Government. Dkt. 51 at 6. Mr. Poke claims that his sentence should be lowered because his mandatory minimum sentence would be lower today. *Id.* The Government concedes the § 851 notice raised Mr. Poke's mandatory minimum based on an offense which could not be a qualifying enhancing offense today. Dkt. 54 at 12. The Government also concedes that, even if that offense could be used, the mandatory minimum sentence would be 15 years rather than the 20 years to which Mr. Poke was exposed at the time of his sentencing. *Id.*

Mr. Poke's sentence, however, was not determined solely by the mandatory minimum sentence applicable to his offenses. The Court, in fashioning Mr. Poke's sentence, used statutory guidance, the advisory guidelines, and an evaluation of the factors in 18 U.S.C. § 3553(a) to determine an appropriate sentence that was sufficient, but not greater than necessary, to comply with the purposes stated in § 3553(a). Dkt. 20 at 2–3. The Court determined that a sentence of 250 months was appropriate under those criteria. It is evident then that the Court crafted Mr. Poke's sentence to account for his individual and offense characteristics and did not directly constrain itself by the applicable mandatory minimum. The Court did not consider a sentence of 240 months or less to be appropriate. The Court would have been within its authority to issue a sentence as low

9

as the mandatory minimum but instead determined that such a sentence was not sufficient. Mr. Poke does not provide any reason why the sentence that he received would be any less without such a constraint. Mr. Poke therefore would likely receive the same sentence today even if the Court were to assume that a change in the law would alter his mandatory minimum on counts 1 and 2.[1] For these reasons, the Court finds that Mr. Poke has not carried his burden to show that a change in the law has produced a disparity between the sentence he received and the sentence he might receive today, and has therefore not shown that any change in the law establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Mr. Poke's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Poke is vaccinated, dkt. 55 at 1, and has presented no evidence that he is unable to benefit from the vaccine. Additionally, Mr. Poke "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if

---

[1] The Government asserts that a different prior conviction in Mr. Poke's criminal history could have, under current law, been used in place of the Illinois cocaine conviction to enhance Mr. Poke's mandatory minimum sentence. Dkt. 54 at 11. Mr. Poke argues that the Government did not file an § 851 notice based on this other conviction at the time of his sentencing and could not have under the law of that time. Dkt. 59 at 14. The Court finds that it need not consider the hypothetical situation in which the two convictions are swapped out because, even without the mandatory minimum enhancement, Mr. Poke has not shown that his sentence would be different.

released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Cochran*, 2022 WL 1236336, at *1 (7th Cir. Jan. 18, 2022); *United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Defendant has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[2]

With regard to Mr. Poke's contentions that the BOP has subjected him to harsh conditions due to the COVID-19 pandemic, such allegations might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Further, every inmate at the facilities in which Mr. Poke has served his sentence, and indeed, many inmates across the country, have dealt with similar issues

---

[2] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Defendant does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

11

due to the COVID-19 pandemic over the past few years. Mr. Poke has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that prison mishandled the risks of the pandemic). Thus, the Court finds that Mr. Poke has not carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

That leaves Mr. Poke with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Poke has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Poke's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Poke establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## III.
### CONCLUSION

For the reasons stated above, Mr. Poke's Motion for Compassionate Release, dkt. [51], is **denied**.

**IT IS SO ORDERED.**

Date: 3/12/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Bobby Joe Poke
Register Number: 07430-028
FCI Oxford
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952